UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ADRIANA L. LORENZANA,<br><br>　　　　Defendant. | Case No.  13-cv-05554-BLF<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>[Re:  ECF 30] |

## I. BACKGROUND

Plaintiff J & J Sports Productions, Inc. brought the instant action against Defendant Adriana Lorenzana, alleging violations of 47 U.S.C. §§ 553 and 605, conversion, and California Business and Professions Code §§ 17200, *et seq.* (*See* Compl. ¶¶ 13-41)  Defendant was served with the Complaint on February 10, 2014, and her Answer was due on March 3, 2014.  (Proof of Serv., ECF 9)  Defendant did not file a timely Answer and has not otherwise appeared.  On March 4, 2014, Plaintiff filed a Request for Entry of Default, which was served upon Defendant.  (Mot. for Default, ECF 10 at 3)  The clerk entered default on March 6, 2014.  (Entry of Default, ECF 11)  The Court referred the Motion for Default to a Magistrate Judge for a Report and Recommendation on April 11, 2014.  On May 13, 2014, Judge Joseph Spero issued his Report and Recommendation, in which he recommended granting Plaintiff's Motion for Default and awarding Plaintiff $2,700 in damages pursuant to 47 U.S.C. § 605.  (Report & Recom., ECF 27 at 4)

Plaintiff asked this Court to review *de novo* Judge Spero's Report and Recommendation, and objected to three recommendations contained therein: (1) the recommended award of $2,700 in statutory damages, (2) the recommended denial of enhanced statutory damages, and (3) the recommended denial of conversion damages.  (*See* ECF 28 at 3)  This Court granted in part and

1  denied in part Plaintiff's Motion for De Novo Review, and awarded Plaintiff a total of $3,200:
2  $1,000 in statutory damages under 47 U.S.C. § 605 and $2,200 in damages for conversion.

3  Plaintiff now moves to alter or amend this Court's judgment, seeking "an increase in the
4  statutory damages awarded to Plaintiff as well as an award of enhanced statutory damages for its
5  claim under 47 U.S.C. § 605 to an amount sufficient to compensate Plaintiff and accomplish the
6  goal of deterrence (both specific and general)." (Mot. to Alter, ECF 30 at 3)

7  **II.   LEGAL STANDARD**

8  Pursuant to Federal Rule of Civil Procedure 59(e), a motion to alter or amend judgment
9  may be granted if "the district court is presented with newly discovered evidence, committed
10 clear error, or if there is an intervening change in the controlling law." *389 Orange St.*
11 *Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  Rule 59(e) "offers an extraordinary
12 remedy, to be used sparingly in the interests of finality and conservation of judicial
13 resources." *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  The
14 rule "may not be used to relitigate old matters, or raise arguments or present evidence that
15 could have been raised prior to entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S.
16 471, 485 (2008).

17 **III.  DISCUSSION**

18 Plaintiff has failed to (1) present new evidence; (2) show that the Court committed clear
19 error; or (3) demonstrate a change in controlling law.  Accordingly, Plaintiff's Motion is DENIED.
20  Plaintiff asserts that the damages award will not adequately deter this Defendant, or other
21 prospective pirates, and that the award is so low as to actually encourage piracy.  (*See* Mot. to
22 Alter, ECF 30 at 5 (arguing that the amount awarded "is not an effective deterrent . . . . [In] fact, it
23 is more likely that such an award will have the opposite effect"))  Plaintiff, however, fails to meet
24 the requirements of Rule 59(e), specifically failing to show that the Court committed "clear error."
25 Plaintiff simply disagrees with the balance struck by the Court in determining the damages award.
26 None of the arguments made by Plaintiff, nor the case law it cites, suggest that this Court should
27
28

reconsider its previous award.[1] $3,200 is a considerable amount for any small business to pay, and the Court finds that such an amount is sufficient to serve as a specific and general deterrent – discouraging both this Defendant and any other prospective pirates from engaging in such unlawful showings of events in the future. Having once again reviewed the record in this case, the Court is satisfied that the award is appropriate.

### IV. ORDER

For the foregoing reasons, Plaintiff's Motion to Alter is hereby DENIED, and the original judgment is hereby AFFIRMED.

**IT IS SO ORDERED.**

Dated: September 30, 2014

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] Plaintiff has filed at least two other such motions to alter or amend judgment, citing identical case law, in similar matters before this Court. (*See* Case No. 13-cv-05551-BLF, ECF 31; Case No. 13-cv-05557-BLF, ECF 23)